IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ISRAEL COLLADO-REYES | Criminal No. 19-321-01 |

MEMORANDUM

COSTELLO, J.                                                              December 3, 2025

     Defendant Israel Collado-Reyes was convicted of various drug distribution offenses. As a result, on November 10, 2021, he was sentenced to 108 months of incarceration. Collado-Reyes, proceeding *pro se*, now asks the Court to grant him compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). He argues that compassionate release is warranted due to allegedly harsh prison conditions, his health and medical care, and his ineligibility for recidivism reduction credits under the First Step Act. None of these circumstances justify the relief he seeks. Accordingly, the Court will deny his motion for compassionate release.

I.     BACKGROUND

     Collado-Reyes is a 57-year-old citizen of the Dominican Republic. He entered the United States with a B2 nonimmigrant visa on or about July 14, 2001. Def.'s Mot., ECF No. 318 at 34, 37. On June 5, 2019, a federal grand jury returned an indictment charging Collado-Reyes with several drug trafficking offenses arising from his participation in a fentanyl and heroin distribution conspiracy.

     Collado-Reyes entered a guilty plea on March 1, 2021. On November 10, 2021, the Court sentenced him to 108 months' imprisonment. Collado-Reyes has been incarcerated since

May 2019. Def.'s Mot., ECF No. 318 at 14. According to the Government, Collado-Reyes has earned approximately 9 months of credit for good conduct. Gov't Resp., ECF No. 319 at 2. Thus, he has served approximately 87 months of his 108-month sentence, with a minimum release date of January 7, 2027. *Id.* Collado-Reyes is currently an inmate at Federal Correctional Institution, Loretto ("FCI Loretto") in Cambria County, Pennsylvania.

## II.     LEGAL STANDARDS

In general, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a district court may reduce a term of imprisonment if it finds, among other things, that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021). Examples of extraordinary and compelling reasons include: (1) medical circumstances, (2) age, (3) family circumstances, (4) abuse, (5) other reasons, and (6) unusually long sentences. U.S. SENT'G COMM'N, GUIDELINES MANUAL § 1B1.13(b) (2024). If extraordinary and compelling reasons exist, the court then considers whether a sentence reduction is supported by the applicable traditional sentencing factors set forth in 18 U.S.C. § 3553(a), such as the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. In general, the defendant has the burden of showing circumstances meeting the requirements for compassionate release. *See, e.g., United States v. Hampton*, 985 F.3d 530, 533 (6th Cir. 2021); *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021); *United*

*States v. Neal*, Nos. 08-628-5 and 10-685-1, 2020 WL 5993290, at *4 (E.D. Pa. Oct. 9, 2020); *United States v. Adeyemi*, No. 06-124, 2020 WL 3642478, at *16 (E.D. Pa. July 6, 2020).

**III.   DISCUSSION**

Collado-Reyes contends that the harsh conditions of his confinement, his health and medical treatment, and his ineligibility for recidivism reduction credits under the First Step Act constitute extraordinary and compelling reasons justifying a sentence reduction. He further claims that his rehabilitation supports such relief under 18 U.S.C. § 3553(a). For the reasons set forth below, the Court disagrees.

**A.   Conditions at FCI Loretto Do Not Warrant a Sentence Reduction**

Collado-Reyes first argues that the harsh conditions at FCI Loretto warrant release. He provides a list of circumstances that are present in prisons nation-wide, such as lack of access to medical care, COVID-19, black mold, disintegrating infrastructure, sub-standard food, minimal access to First Step Act programing, and drug use. ECF No. 318 at 14-15. Collado-Reyes also complains about overcrowding, inadequate facilities, and insufficient ventilation. *Id.* at 17-19. It is well established that "generic hardships, common to federal prisoners, cannot be regarded as extraordinary, and have not furnished grounds for compassionate release." *United States v. Wilson*, No. 14-209-1, 2024 WL 4793713, at *5 (E.D. Pa. Nov. 14, 2024) (quoting *United States v. Lorenzo*, No. 19-744, 2023 WL 1818370, at *2 (D.N.J. Feb. 7, 2023)). The conditions faced by all inmates generally, at FCI Loretto and across the nation, are examples of common generic hardships. For this reason, the prison conditions identified by Collado-Reyes are not extraordinary and compelling and do not justify a sentence reduction.

### B. Collado-Reyes Medical Circumstances Do Not Warrant a Sentence Reduction

Next, Collado-Reyes presents concerns about his medical treatment while incarcerated. He underwent hernia surgeries in 2023 and 2024 and is awaiting a third surgery to address the same condition. Def.'s Reply, ECF No. 320 at 3. Collado-Reyes also has high blood pressure which is managed with prescription medication. *Id.* at 4. Collado-Reyes claims these conditions, in conjunction with the fact that Pennsylvania has rising COVID-19 infections, increase his chances of contracting COVID-19. *Id.* However, "the possibility that [COVID-19] may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Further, Collado-Reyes has not identified any condition that "substantially diminishes" his ability to provide self-care within the environment of a correctional facility or "from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B). In *United States v. Reaves,* 668 F. Supp. 3d 360 (E.D. Pa. 2023), the district court granted an inmate's motion for compassionate release based in part on the defendant's serious medical issues. There, the defendant's medical conditions included "thyroid dysfunction; enlarged prostate; ulcerative colitis; schizophrenia; polythetic right eye and left eye blindness; and Crohn's disease." *Id*. at 364.

Here, by contrast, Collado-Reyes points to a hernia and high blood pressure and fails to demonstrate that these conditions diminish his ability to provide self-care while incarcerated. Collado-Reyes receives medicine to combat his high blood pressure, ibuprofen for pain, an inhaler for asthma, and has received ongoing treatment for his hernia. ECF No. 319 at 7 n.4. While Collado-Reyes complains of not being issued a permanent lower bunk pass, he does not allege that he has *actually* been put on an upper bunk. Further, emails between Collado-Reyes

4

and his doctor show the facility will issue a pass during recovery from the hernia surgery.  ECF No. 320 at 9-10.  Courts have repeatedly found that similar medical circumstances do not warrant compassionate release.  *See*, *e.g.*, *United States v McClary,* No. 15-93, 2022 WL 4002306, at *2 (E.D. Pa. Sept. 1, 2022) (finding no extraordinary and compelling reasons where inmate suffered from reoccurring hernia coupled with asthma, sickle-cell anemia, hypertension, anxiety, depression, and increased risk of COVID-19); *United States v. Allen*, 717 F. Supp. 3d 1308, 1313 (N.D. Ga. 2024) (finding inmate suffering from osteoarthritis, hernia, obesity, and asthma had not demonstrated that his conditions substantially diminished his ability to provide self-care within environment of correctional facility and that adequate care was being provided by Bureau of Prisons).  Accordingly, Collado-Reyes has not established that his medical conditions warrant compassionate release.

      **C.**      **Collado-Reyes Cannot Challenge His Eligibility for Credits under the First Step Act on This Motion**

Collado-Reyes next challenges his confinement based on his lack of eligibility for credits under the First Step Act ("FSA").  ECF No. 318 at 20-21.  He argues that the Bureau of Prisons ("BOP") is improperly denying him certain earned time credits under the First Step Act because U.S. Immigration and Customs Enforcement ("ICE") issued a detainer and a final order of removal against him.  *Id.*  This issue is not properly raised on a motion for compassionate release.  Instead, such a challenge should be brought under a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *United States v. Vidal*, 647 F. App'x 59, 60 (3d Cir. 2016).  This is because the "authority to calculate a federal prisoner's period of incarceration for a federal sentence imposed and to provide credit for time served is delegated to the Attorney General, who acts through the Federal Bureau of Prisons." *Id.*; *see also United States v. Walker*, No. 20-216, 2024 WL 3678972, at *8 (E.D. Pa. Aug. 5, 2024) (explaining that a dispute regarding calculation of

time credits is not a relevant consideration under any provision of the compassionate release guideline, and observing that "[t]he Third Circuit has repeatedly stated that any claim which disputes the BOP's calculation of sentence credits should be addressed in a petition for a writ of habeas corpus . . ."); *United States v. Purpera*, Nos. 18-19 and 10-16, 2024 WL 329541, at *4 (W.D. Va. Jan. 29, 2024) (denying motion based on alleged miscalculation of FSA and other time credits because "[a] motion for compassionate release is not the proper vehicle to challenge the BOP's calculation of a prisoner's sentence[,]" and the prisoner must raise such a challenge in a petition for habeas corpus after fully exhausting his administrative remedies with the BOP). Thus, whether Collado-Reyes is eligible for FSA credits has no bearing on whether he is entitled to compassionate release.

> **D.** **Neither the Commission's "Other Reasons" Factor nor the Section 3553 Sentencing Factors Justify Release**

Finally, Collado-Reyes asks the Court to consider the catch-all or "other reasons" factor in U.S.S.G. § 1B1.13(b)(5), as well as the Section 3553(a) sentencing factors. Collado-Reyes claims that the purportedly harsh prison conditions, his medical issues, and his lack of eligibility for First Step credits, taken together, warrant his release. ECF No. 320 at 2-3. The catch-all provision in U.S.S.G § 1B1.13(b)(5) expressly permits the district court to view the defendant's circumstances cumulatively. Even considering the prison conditions identified by Collado-Reyes, his medical circumstances, and his administrative complaints together, Collado-Reyes has not established any extraordinary or compelling reasons justifying his release.

Moreover, because Collado-Reyes has failed to identify any extraordinary and compelling reasons warranting his release, the Court need not consider the 3553(a) sentencing factors. *See Reaves*, 668 F. Supp. 3d at 363 ("If the court finds that extraordinary and compelling reasons exist, it then turns to the § 3553(a) factors to determine whether release is an

appropriate form of relief."). However, even if there were extraordinary and compelling reasons, Collado-Reyes only directs the Court to his "rehabilitation," stating he has shown a low risk of recidivism, has taken classes, and has done everything possible to better himself. ECF No. 318 at 24, 27. Rehabilitation is not one of the sentencing factors listed under Section 3553. Further, Congress has made clear that "rehabilitation . . . alone shall not be considered an extraordinary and compelling reason" for a sentence reduction." 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); *United States v. Herrera-Genao*, No. 21-2345, 2023 WL 2755577, at *3 (3d Cir. Apr. 3, 2023).

## IV.    CONCLUSION

After considering the conditions Collado-Reyes faces as a federal inmate, his health and medical care, and his administrative complaint, Collado-Reyes has failed to satisfy the requirements for compassionate release. Accordingly, his motion will be denied.

An appropriate order follows.

BY THE COURT:

_____
MARY KAY COSTELLO, J.