**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Criminal No. 19-321-01** |
| **ISRAEL COLLADO-REYES** | |

**MEMORANDUM**

COSTELLO, J.                                        **February 23, 2026**

Defendant Israel Collado-Reyes was convicted of various drug distribution offenses.  On November 10, 2021, he was sentenced to 108 months of incarceration.[1]  Collado-Reyes is currently serving his sentence in the Western Distrct of Pennsylvania.  Proceeding *pro se*, he now asks the Court to order the Bureau of Prisons ("BOP") to grant him certain earned time credits under the First Step Act.  He argues that the BOP is improperly denying him these credits because U.S. Immigration and Customs Enforcement issued an immigration detainer against him.

Such a challenge should be brought under a writ of habeas corpus pursuant to 28 U.S.C. § 2241, after exhaustion of administrative remedies.  *United States v. Fountain*, 2024 WL 4713837, at *10 (E.D. Pa. Nov. 7, 2024); *see also United States v. Walker*, No. 20-216, 2024 WL 3678972, at *8 (E.D. Pa. Aug. 5, 2024) (explaining that any claim which disputing the BOP's calculation of sentence credits should be addressed in a petition for a writ of habeas corpus); *United States v.*

---

[1]      The Court explained the background of Collado-Reyes' conviction and sentence in some detail in its previous decision denying his motion for compassionate release.  ECF No. 322.  The Court will not repeat that information here.

*Purpera*, Nos. 18-19 and 10-16, 2024 WL 329541, at \*4 (W.D. Va. Jan. 29, 2024) (finding that a prisoner may only raise a challenge to an alleged miscalculation of FSA and other time credits in a petition for habeas corpus after fully exhausting administrative remedies with the BOP). If Collado-Reyes first exhausts his administrative remedies through the relevant BOP procedures and is unsuccessful, he may then seek relief under 28 U.S.C. § 2241 in the district of his confinement, *i.e.,* the Western District of Pennsylvania. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004). The Court will therefore deny Collado-Reyes' motion for lack of jurisdiction over his sentencing credit dispute.

**BY THE COURT:**

MARY KAY COSTELLO, J.

2